IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 04-cr-00188-REB
Civil Action No. 08-cv-01882-REB-MJW

UNITED STATES OF AMERICA,

v.

LUIS ALTAMIRANO-QUINTERO,

      Movant.

---

### RECOMMENDATIONS ON
### (1) MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255 (Docket Nos. 258 and 261)
### and
### (2) MOTION RESPECTFULLY REQUESTING THE COURT FOR LEAVE TO SUPPLEMENT 28 U.S.C.A. § 2255 (DOCKET NO. 283)

---

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

Before the court are two motions, namely, the *pro se* incarcerated Movant's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 and supporting memorandum  (Docket Nos. 258 and 261) and Movant's Motion Respectfully Requesting the Court for Leave to Supplement 28 U.S.C.A. § 2255 (Docket No. 283). The motions were referred to the undersigned for a report and recommendation pursuant to a Special Order of Reference to United States Magistrate Judge issued by Judge Robert E. Blackburn on September 8, 2008.  (Docket No. 259).

**Background**

      The Movant, Luis Altamirano-Quintero, was represented by a series of attorneys

during the course of his criminal case, namely, Kenneth F. Eichner from July 21, 2004, to November 3, 2004; Harvey A. Steinberg from November 3, 2004, to September 14, 2005; Mark S. Rubenstein from September 19, 2005, to January 6, 2006; Boston H. Stanton, Jr., from January 10, 2006, to June 16, 2006; the Federal Public Defender from August 11, 2006, to August 24, 2006; and finally, appellate counsel, Paul H. Schwartz.

"Law enforcement officials found over 670 grams of a substance containing methamphetamine in [Movant's] car.  As a result, he and a companion, his co-defendant, were arrested for drug trafficking."  United States v. Altamirano-Quintero, 511 F.3d 1087, 1089 (10th Cir. 2007).  On May 2, 2004, the grand jury returned an Indictment against Movant and his co-defendant.  (Docket No. 1).

On January 18, 2005, Movant, through counsel, Mr. Steinberg, filed a motion to suppress evidence seized when his car was searched (Docket No. 76).  Judge Blackburn conducted an evidentiary hearing on the motion on March 25, 2005.  (Docket No. 99).  On April 14, 2005, Judge Blackburn entered from the bench his findings of fact, conclusions of law, and order denying the motion to suppress.  (Docket No. 115, Transcript).

A Third Trial Preparation Conference Order was entered on May 25, 2005, by Judge Blackburn in which Movant's trial preparation conference was set for June 17, 2005, and his trial was set for June 20, 2005.  (Docket No. 125).  However, on June 17, 2005, in lieu of the trial preparation conference, Judge Blackburn conferred with counsel regarding a tentative plea agreement that had been reached.  A change of plea hearing was then set for June 20, 2005, without vacating the trial setting.  (Docket No. 136). The change of plea hearing was, in fact, conducted at Movant's request on June 20,

3

2005. During that hearing, Movant entered a plea of guilty to one count of conspiring to possess, with the intent to distribute, 500 grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A) and 846. At the conclusion of the hearing, Judge Blackburn set sentencing for September 16, 2005. (Docket No. 138).

On September 1, 2005, however, Movant filed a *pro se* motion to withdraw his guilty plea. (Docket No. 159). Six months later, on March 10, 2006, Movant's then attorney, Mr. Stanton, filed Defendant's Motion to Withdraw Plea Pursuant to Federal Rules of Criminal Procedure Rule 11(d). (Docket No. 201). A hearing was held on the motion to withdraw plea on April 14, 2006 (Docket Nos. 208, 218), and the motion was denied by Judge Blackburn on April 19, 2006. (Docket No. 210). Movant was sentenced on June 16, 2006, to a term of imprisonment of 120 months and five years on supervised release. (Docket Nos. 227 and 243).

In a published opinion on December 28, 2007 (Docket No. 251), the United States Court of Appeals for the Tenth Circuit affirmed Movant's statutory mandatory minimum ten-year sentence. United States v. Altamirano-Quintero, 511 F.3d 1087 (10th Cir. 2007). The United States Supreme Court denied certiorari on April 28, 2008. Altamirano-Quintero v. United States, 128 S. Ct. 2098 (2008). (Docket No. 254).

**Movant's Claims**

Movant now raises five claims in his Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Docket Nos. 258 and 261). In Claim One, Movant raises a Fourth Amendment violation, claiming that his conviction was obtained by use of evidence gained pursuant to an unconstitutional search and seizure. In Claims Two through Five, he raises Sixth Amendment violations, claiming ineffective

assistance by the last four of his five attorneys, namely, Harvey Steinberg, Mark

Rubinstein, Boston Stanton, and Paul Schwartz.  Movant seeks the following relief:

> The defendant asks this court that his federal sentence and conviction be
> vacated.  Accordingly he should be discharged and released.  His
> sentence was imposed in violation of the Constitution or laws of the United
> States when defendant's Fourth Amendment Rights were repeatedly
> violated at time of his detention,by a [sic] unreasonable search and
> seizure of his person, room and vehicle and absent of a consent; and
> because his counsel in that crucial stage of the process knowingly,
> intentionally, and deliberatelly [sic] defaulted these violations.  These error
> [sic] prejudiced the defendant with a sentence not authorized by law
> because all government's evidence was gained unconstitutionally.  The
> defendant also asks this honorable court of any other relief as it may
> deem just and proper.

(Docket No. 258 at 8).

The Government filed a response to the § 2255 motion (Docket No. 263), and

Movant filed a reply (Docket No. 268).  In addition, Movant filed a Motion Respectfully

Requesting the Court for Leave to Supplement 28 U.S.C.A. § 2255. (Docket No. 283).

The Government did not file a response to that motion.  The court has considered these

motion papers and applicable Federal Rules of Civil Procedure, statutes, and case law

and has taken judicial notice of the court's file in the criminal case.  The court now being

fully informed makes the following findings, conclusions, and recommendation that both

motions be denied.

The court must construe the § 2255 motion and motion to supplement liberally

because Movant is not represented by an attorney.  See Haines v. Kerner, 404 U.S.

519, 520-21 (1972); Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).  The court,

however, should not be an advocate for a *pro se* litigant.  See Hall, 935 F.2d at 1110.

**Claims One and Two**

5

In his first claim for relief, Movant asserts that his conviction was obtained by the use of evidence gained pursuant to an unconstitutional search and seizure.  He alleges the following supporting facts:

> A.  The Investigation Report did not state that defendant was asked or that he had given consent to a search of his person, on this accusation instrument it only appears that the defendant gave consent to search the motel room and his vehicle.

> B.  Officer Romero admitted under cross-examination, during an evidentiary hearing, that he never asked for consent to search the person. Despite never obtaining this constitutional requirement he admitted that a full search of defendant's person was conducted.  Following this evidentiary hearing a motion to supress [sic] evidence, before sentencing was filed.

> C.  Defendant's encounter with the police officer was not consensual, since the officers acting without consent, reasonable suspicion or probable cause carried out a full search and seizure of defendant's person.

> D.  Officer Romero's testimony was in fact inconsistent with regard to the pat-down and the full search of defendant's person.

> E.  Defendant did not give consent to a search of his person, room or vehicle.

> F.  The defendant, Mr. Altamirano did not feel free to terminate said consensual encounter due to following circumstances and officer's conduct:

>> 1) The full search and seizure of defendant's person.

>> 2) The search of the motel room along with the restriction of defendant's movement conducted by the officer Overton as he clearly states in writing on the statement of the Investigation Report, asserting that once he searched one of the defendant's bags, then he stood by with the suspect while Romero and Sanchez searched the vehicle.

>> 3) The action of one of the officers, Mrs. Teresa Driscoll-Rael, resting her hand on her weapon during the whole encounter.

(Docket No. 258 at 5, 9).

6

In Claim Two, Movant alleges that attorney Harvey Steinberg was ineffective.  He alleges the following supporting facts:

A.  The court concluded during its ruling of the Motion to Suppress the evidence, by the officers testimony that there was in fact, three searches conducted by the officers: (1) A search of defendant's person, (2) Defendants room, and (3) Defendant's vehicle.  The defendant's lawyer inexplicably and only argument in the motion to suppress evidence was focused exclusively on the last search of the investigation, which was the search of the vehicle.

B.  The defendant's attorney, Mr. Steinberg, deliberatelly [sic] and wrongly conceded in the motion to suppress, that his client had given consent to the search of his vehicle.  Therefore, the attorney failed to hold the argument to its burden of proof of the issue of consent.

C.  The Attorney deliberately defaulted in the motion to suppress the evidence, the initial full search and seizure of defendant's person, and the search of defendant's room by not making a mentioning of them at all.

D.  The attorney failed to raise the claim that the police encounter with his client could not have been consensual as the officers, acting without consent, reasonable suspicion or probably cause carried out a full search and seizure of defendant's person.

E.  The attorney contradicted in open court the single argument he had raised in the motion to suppress the evidence, that the defendant had given consent to a search of his vehicle.  The defense attorney, in that specific stage of the process, basically stated to the court that his tactic was to reach to the consent issue and for the goverment [sic] to prove by the standard of proof that there was consent.

F.  The attorney also filed a motion to reconsider the ruling on the motion to suppress the evidence, where he stated that the motion properly raised the issue of whether consent was given by the defendant to search his vehicle.

G.  The defense during the hearing on the motion to suppress the evidence, raised the issue that defendant did not give consent to a search of his person, room or vehicle.  Because the attorney had conceded the issue of consent in the only argument raised in the motion, the court rendered defendant's testimony suspect, and removed all credibility of the defendant.  In fact, not at any time the defendant's testimony was found inconsistent [sic], and never was it discredited by the goverment [sic].

H. The defense counsel had read the Police Report and learned that it did not state that officers requested consent to search defendant's person, therefore counsel was able to discredit the officer's testimony as to whether he had requested consent to search the person. Nevertheless, counsel deliberately failed to raise this fact in the motion to suppress the evidence. This violation could had [sic] suppressed all the evidence against the defendant.

I. Attorney Mr. Steinberg was ineffective by failing to properly investigate, raise and present to the court, the true facts of events of the K-9 search, that was conducted by officers in the interior of defendant's vehicle, prior to the disassemble of the vehicle.

J. The attorney was ineffective by completely failing to perform a reasonable investigation, interview witnesses, request transcripts of officers' back up calls, request for K-9 unit and request motel's survilliance [sic] tapes. All this information would have collaborated and proven the Fourth Amendment violation, since the officer's testimony was in fact fabricated.

K. The defendant's counsel was ineffective at the suppression hearing because he left his client with no choice but to plea [sic] guilty in hope of a reduced sentence.

(Docket No. 258 at 5, 9-10).

In its response to the § 2255 motion, the Government responds to Claim One in its section concerning Claim Two, the alleged ineffective assistance by Mr. Steinberg. The Government did so after noting that Movant did not raise the arguments in Claim One in his direct appeal[1] and that generally a movant is barred from raising an alleged

---

[1]The court notes that the Statement by Defendant in Advance of Plea of Guilty (Docket No. 141) provides in pertinent part:

11. I know that if I plead guilty, there will be no appellate review of the question of whether or not I am guilty of the offense(s) to which I have plead guilty.

12. I know that once this court sentences me, both the government and I may be able to seek appellate review of the sentence imposed, pursuant to 18 U.S.C. § 3742. **I understand that any such appellate review will**

error affecting his conviction or sentence for the first time on collateral review unless he

can show both cause for the default and actual prejudice.  (Docket No. 263 at 14, citing

United States v. Wiseman, 297 F.3d 975, 979 (10th Cir. 2002)).  The Government further

notes that in Claim Two, Movant claims Mr. Steinberg was ineffective for failing to raise

the claims set forth in Claim One and that a showing that a criminal defendant received

ineffective assistance of counsel will establish cause excusing a procedural default.

(Docket No. 263 at 14).

> There are two components to an ineffective assistance of counsel claim:
>
> First, the [Movant] must show that counsel's performance was
> deficient.  This requires showing that counsel made errors so serious
> that counsel was not functioning as the "counsel" guaranteed the
> [Movant] by the Sixth Amendment.  Second, the [Movant] must show
> that the deficient performance prejudiced the defense.  This requires
> showing that counsel's errors were so serious as to deprive the
> [Movant] of a fair trial, a trial whose result is reliable.

Williams v. Taylor, 529 U.S. 362, 390 (2000) (quoting Strickland v. Washington, 466

U.S. 668, 687 (1984)).  In order to establish ineffective assistance of counsel,

Movant "must show that counsel's representation fell below an objective standard of

reasonableness. . . .  To establish prejudice, he must show that there is a

reasonable probability that, but for counsel's unprofessional errors, the result of the

_____

> **extend only to the question of whether a proper sentence was
> imposed.**  I understand that the Court of Appeals will not take up the
> question of whether I am guilty of the offense(s) to which I have pled
> guilty.

(Docket No. 141) (emphasis added).  In addition, Judge Blackburn subsequently found
that Movant "understood that by entering his plea of guilty, he was waiving his right to
appeal my order denying his motion to suppress."  (Docket No. 210 at 9-10; Order
Denying Defendant's Motion to Withdraw Plea of Guilty).

proceeding would have been different.  A reasonable probability is a probability

sufficient to undermine confidence in the outcome." Id. at 390-91 (quotations

omitted).  The court, however, gives considerable deference to an attorney's

strategic decisions and "recognize[s] that counsel is strongly presumed to have

rendered adequate assistance and made all significant decisions in the exercise of

reasonable professional judgment." Strickland, 466 U.S. at 690.  "A fair assessment

of attorney performance requires that every effort be made to eliminate the distorting

effects of hindsight, to reconstruct the circumstances of counsel's challenged

conduct, and to evaluate the conduct from counsel's perspective at the time." Id. at

689.

This court has carefully reviewed the entire court file, including the hearing

transcripts and Judge Blackburn's rulings, and finds that Movant has not established

a basis for relief in Claims One and Two.  Movant has a litany of complaints, most, if

not all, of which were already raised (many repeatedly) before Judge Blackburn, about

how Mr. Steinberg handled the suppression motion and hearing and his investigation of

the case.  As outlined above, Movant first complains that in the suppression motion, Mr.

Steinberg focused exclusively on the vehicle search and did not even mention the

search of Movant or the hotel room.  Movant next asserts that Mr. Steinberg conceded

in the motion to suppress that Movant had given consent to the search of his vehicle,

contradicted in open court the single argument raised in the motion to suppress, and

basically stated to the court that his tactic was to reach to the consent issue and for the

Government to prove by the standard of proof that there was consent.  Furthermore,

Movant asserts that by Mr. Steinberg conceding the issue of consent in his written

10

motion, the court rendered Movant's testimony suspect and removed all credibility of the Movant, yet not at any time was his testimony found inconsistent nor was it ever discredited by the government.  Movant also complains that while Mr. Steinberg discredited the officer's requested consent to search defendant's person, Mr. Steinberg deliberately failed to raise this fact in the motion to suppress the evidence.

This court finds that Movant has not established a Sixth Amendment violation with respect to Mr. Steinberg's representation.  For example, while Movant complains about Mr. Steinberg not addressing in the motion the search of the Movant's person and hotel room, as pointed out by the Government, no evidence was derived from the search of the Movant's person or his motel room.  Therefore, there was no evidence to suppress.  All of the evidence that lead to Movant's arrest and indictment was found in his car.[2]  Therefore, even if all of the arguments made by Mr. Steinberg in the suppression motion and at the hearing addressed solely the vehicle search, Mr. Steinberg's representation did not fall below an objective standard of reasonableness, and Movant cannot show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  It more likely than not would have been pointless to focus on the searches of the Movant's person and hotel room under the circumstances presented here.

In any event, although Judge Blackburn found that the written suppression motion focused on the scope of Movant's consent to the vehicle search rather than the

---

[2]The court further notes that in a letter to Judge Blackburn filed on August 5, 2009, Movant states that "the dog never discovered any thing."  (Docket No. 145).

Case 1:04-cr-00188-REB-MJW   Document 287   Filed 09/04/09   USDC Colorado   Page 11 of 23

11

validity of that consent or to the consent of the searches of Movant's person or motel

room, at the suppression hearing Mr. Steinberg fully explored the Movant's consent for

all three searches.  Mr. Steinberg cross-examined Officer Rick Romero thoroughly and

at length about the circumstances of Movant's arrest, including the consent to the

searches.  Moreover, Judge Blackburn addressed and ruled on Movant's consent to the

three searches.  Judge Blackburn concluded:

> Having considered the totality of relevant circumstances, I find and conclude that the defendant's consent to search his person, his room, and his vehicle was freely and voluntarily given in the context of what I would describe as knock and talk, which simply evolved into a consensual encounter.

> The defendant, based on all of the evidence, was not impressed, disturbed or intimidated by the number of officers, their dress, or their manner.  the officers at all times treated the defendant and other occupant with decency and respect.

> At no time did either defendant or the other occupant of the room request relief in any form or attempt to leave the room or terminate the encounter.

> Thus, to the extent the defendant has properly raised and preserved the issue of consent in his papers, which I doubt, the court finds that such consent was voluntarily, knowingly, intelligently, and intentionally given.

> Next to the scope of the search.  The defendant really argues in his papers that the search of the console exceeded the scope of the consent that he gave to search his vehicle.

> Specifically, defendant's argument is that the consent to search his car did not extend to moving the console.  I respectfully disagree. . . .

(April 14, 2005, Transcript at 11).

Judge Blackburn also subsequently addressed Movant's concerns about the

suppression motion, including Mr. Steinberg's alleged failure to investigate and present

12

evidence concerning canine search of the interior of the Movant's vehicle. More

specifically, before entering his guilty plea on June 20, 2005, Movant, *inter alia*,

expressed his concerns, both directly and through counsel, about his trial counsel, Mr.

Steinberg, and Judge Blackburn then addressed the Movant as follows:

> Mr. Altamirano. I understand your concerns as you have expressed them
> and as Mr. Steinberg has expressed them, and with all due respect, I note
> the following.
>
> Mr. Steinberg is a highly educated, trained, experienced and
> competent attorney in criminal cases and, sir, you are not. The worst
> thing you could have done, or among the worst things you could have
> done was introduce in evidence that the search of your car was preceded
> by a canine sniff which resulted in an alert; that is to say, the dog indicated
> that drugs were located within your car. Such a circumstance would have
> made it easier not more difficult, for the police to have conducted a
> constitutional search of the passenger compartment, specifically, the
> console located within your car. The fact that the police may have
> excluded such information from the police reports would have made little
> or no difference in this case. So if those are your concerns, then your
> lawyer made a very wise decision on your behalf. He worked very hard at
> the suppression hearing, as he always does. His cross-examination was
> extensive and pointed and effective. The problem is, for him and for you, I
> believed what the police told me and not what you told me, and I make no
> apologies for that, but that is my conclusions based on all that I've heard
> and saw and received during the suppression hearing. So if you have
> concerns about your attorney, I find that they are unfounded both as a
> matter of fact and law. . . .
>
>    . . .
>
>    . . . Based on the evidence presented during the suppression
> hearing, I believed the policemen when they testified under oath that you
> and the codefendant consented to a search of the passenger
> compartment of your car. Therefore, once I found that consent to have
> been given and to be appropriate, whether the dog started on the inside or
> the outside makes no difference under our law.

(June 20, 2005, Transcript at 14:15-25 to 15:1-18; and 17:11-18).

In addition, during the motion hearing on April 14, 2005, Judge Blackburn

13

previously stated:

> . . . I am struck by the fact that this newest letter is essentially the same as the letter the defendant submitted to the court in correspondence to the court available to defense counsel.  The defendant's letter was dated May 2, 2005. . . .

> Again, this letter focuses on issues raised by and inherent to the Motion to Suppress, which I denied from this bench on April 14th, a year ago, 2005.

> The defendant, for whatever reason, cannot get it into his head, regardless of what I tell him, regardless of what the government tells him, regardless of what his many attorneys, and there have been four, have told him, that we are not going to relitigate the issues raised by or inherent to his Motion to Suppress.

> The collateral issues raised, for example, were the officers actually in the motel at the desk at precisely the same time as the defendant.  Did they actually see him pay in cash.  Did they circle the parking lot once or three times or a million times.  Was a dog used in the search after I found that the defendant gave his consent.  Did the dog alert on the exterior or interior portion.  All of those matters are irrelevant.

> To the extent they are relevant, they have been resolved against the defendant, and yet the defendant continues, even through this Motion to Continue, to relitigate the Motion to Suppress.  Mr. Altamirano, that motion is over.  Bastante. . . .

(April 14, 2005, Transcript at 7:15 to 8:16).  Furthermore, in an Amended Order Denying

Supplemental Motion for Discovery issued that same day, Judge Blackburn noted the

following with respect to Movant's motion to suppress:

> Defendant's motion to suppress raised two principle arguments: 1) that defendant did not consent to the search of his automobile; and; and 2) that the purview of any consent given by defendant was exceeded by the police.  I found and concluded 1) that defendant voluntarily, knowingly, intelligently, and intentionally consented to the search of his automobile, *see* Transcript [#115] at 7:8-10 and 11:16-17; and 2) that the search conducted by law enforcement did not exceed the purview of the consent given by defendant, *see id* at 7:25 & 8:1-12 and 11:21-23.  My holding that the search was predicated on constitutional consent rendered irrelevant and superfluous, both then and now, any issue raised by or inherent to a

14

subsequent canine sniff of defendant's automobile.

(Docket No. 207 at 2).

Movant also asserts that Mr. Steinberg was ineffective by completely failing to perform a reasonable investigation, interview witnesses, request transcripts of officers' back up calls, and request canine unit and request motel's surveillance tapes, which Movant contends would have collaborated and proven the Fourth Amendment violation, since the officer's testimony allegedly was fabricated.  "It is settled that 'counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary."  Metoyer v. Scott, 2003 WL 21716429, *3 (10th Cir. July 25, 2003) (quoting Strickland, 466 U.S. at 691), cert. denied, 124 S. Ct. 1610 (2004).  Here, however, Judge Blackburn found that none of these collateral matters would have changed his ruling regarding the issue of consent.  Movant has made no showing here that would even possibly change that ruling.  He has merely rehashed arguments he made before Judge Blackburn.  Therefore, this court finds that Movant has not established that the alleged deficient performance prejudiced him, and thus he cannot establish an ineffective assistance claim on these grounds.

Furthermore, the court notes that in an Order Denying Defendant's Motion to Withdraw of Plea of Guilty issued on April 19, 2006, Judge Blackburn analyzed Movant's claim of ineffective assistance by Mr. Steinberg, including a discussion of Strickland's bipartite test, and found no ineffective assistance of counsel, finding as follows:

> Like so many defendants, the defendant had reached the point in his case where he must make a decision.  He could either accept a plea agreement or proceed to trial.  As of June 20, 2005, the case had been

pending for more than a year.  Despite our best individual and collective efforts, neither this court nor Mr. Steinberg (nor subsequent defense counsel) has been able to distract the defendant from his morbid preoccupation with matters that are *fait accompli* - my ruling on his motion to suppress and the government's unwillingness to offer a conditional plea agreement preserving defendant's right to appeal my ruling denying his motion to suppress.  Hindsight has proven accurate my prescient prediction that simply giving defendant more time back on June 20, 2005, would have been a prodigal waste of time.

Here, defendant has failed to establish either prong of **Strickland**. Quondam defense counsel's strategic choice to challenge the issues of consent to search and the purview of consent in lieu of the propriety of any subsequent canine search was reasonable indeed.  This strategy constituted certainly one reasonable strategy, if not the most reasonable in the circumstances of the defendant.  Focusing the hearing on consent-related issues maximized defendant's opportunity for success. Additionally, the fact that defendant's erstwhile counsel did not challenge every possible alleged inconsistency between the version of events offered by the police and that understood by defendant is inconsequential. Almost all of the alleged inconsistencies to which the defendant pervicaciously clings involved collateral or imponderous matters. Assuming *arguendo* that defense counsel had presented the evidence found most relevant by defendant, the result ineluctably would have been the same - I would have found that defendant consented to the search of his automobile and that the purview of his consent was not exceeded by the search actually conducted.  The fact and terms of defendant's plea agreement are the result of effective assistance of counsel.  So, in the terms of **Strickland**, there was no professional incompetence or irreparable prejudice; *ergo*, there was no ineffective assistance of counsel. Defendant has not presented evidence to the contrary.

Former counsel did a job bordering on the thaumaturgical.  Not only did he zealously and competently represent defendant during the suppression proceedings, but also he engineered a plea agreement that significantly minimized defendant's exposure to an otherwise extremely severe sentence.  Counsel's efforts are particularly noteworthy because throughout he represented a particularly difficult client, who believed - and continues to believe - to his extreme detriment that he knows more about the law than his legal counsel.  Rarely, are counsel more effective than this, *a fortiori*, in circumstances as difficult as these. . . .

. . . His counsel was anything but ineffective.  In summary, defendant has failed utterly to establish a fair and just reason warranting the withdrawal of his guilty plea. . . .

16

(Docket No. 210 at 15-16).

Movant also claims that as a result of Mr. Steinberg's ineffective assistance, he was left with no choice but to plead guilty.  In the context of a plea, in order to satisfy the prejudice requirement of the Strickland test, Movant must demonstrate that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."  Hill v. Lockhart, 474 U.S. 52, 59 (1985).  Here, a review of the very extensive plea colloquy conducted by Judge Blackburn belies Movant's contentions and establishes that Movant's plea was made voluntarily, knowingly, freely, intelligently, and intentionally and not the result of mistake, misunderstanding, fear, force, threats, coercion, or undue influence by anyone.  That colloquy includes Judge Blackburn's question to Movant as to whether he was satisfied with his attorney's representation and concerning his Plea Agreement, and Movant answered, "Yes."  (Docket No. 182, June 20, 2005, hearing transcript at 37-38).  In addition, when Movant was asked whether he had "any additional objections, criticisms or complaints about [Mr. Steinberg] as your attorney in this case," he responded, "no." (Docket No. 182 at 38).  As noted by the Government, "[i]t is well-established that a defendants' statements on the record, 'as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings.'" Romero v. Tansy, 46 F.3d 1024, 1033 (10th Cir. 1995) (quoting Blackledge v. Allison, 431 U.S. 63, 74 (1977)).  Upon review of the entire record, this court finds there simply is no support for Movant's claim that the performance by Mr. Steinberg was constitutionally deficient, let alone that it forced Movant to plead guilty.

In sum, this court finds Movant has not shown that Mr. Steinberg's

representation fell below an objective standard of reasonableness and that there is a

reasonable probability that, but for Mr. Steinberg's unprofessional errors, the result

of the proceeding would have been different.  Movant has not overcome the

presumption that Mr. Steinberg rendered adequate assistance and made all

significant decisions in the exercise of reasonable professional judgment.

Strickland, 466 U.S. at 694.  Movant has made no showing that would change Judge

Blackburn's determination that Mr. Steinberg was not ineffective.  Therefore, the Sixth

Amendment claim in Claim Two fails.

Even assuming Movant could bring Claim One here on collateral review after

waiving his right to raise it on direct appeal, see note 1 supra, this court further finds the

following regarding Claim One based upon the above findings.  First, Claim One fails on

the merits.  Alternatively, Movant's failure to show that Mr. Steinberg rendered

ineffective assistance of counsel, renders Claim One procedurally barred because the

Movant has not shown cause that might excuse his raising the Fourth Amendment claim

in Claim One on collateral review.  See United States v. Wiseman, 297 F.3d 975, 979

(10th Cir. 2002) ("Generally a movant is barred from raising an alleged error affecting his

conviction or sentence for the first time on collateral reivew unless he can show both

cause for the default and actual prejudice.").  Therefore, Claim One should be

dismissed.

## Claim Three

In Claim Three, Movant alleges ineffective assistance by attorney Mark

Rubinstein, alleging the following supporting facts: "Mr. Mark Rubinstein was ineffective

by failing to assist and support the arguments by defendant's motion to withdraw this

guilty plea, filed pro-se.  With the specific arguments of ineffective assistance of

counsel, and the illegal use of the K-9 unit that was used in the interior of defendant's

vehicle."  (Docket No. 258 at 6).

The record shows, however, that after filing a successful motion for an extension

of time to file a motion to withdraw plea (see Docket Nos. 183 and 184), Mr. Rubinstein

was granted leave to withdraw as Movant's attorney (Docket Nos. 189, 191).

Subsequent appointed counsel, Boston Stanton, filed a motion to withdraw Movant's

guilty plea in which it was asserted that Movant's plea was involuntary and that Mr.

Steinberg provided ineffective assistance of counsel.  (Docket No. 209).  Since Mr.

Stanton continued the representation of Movant and filed the motion to withdraw

Movant's plea, Movant's claim that Mr. Rubinstein was ineffective by failing to assist

with the motion to withdraw the plea is baseless.  Movant has shown no prejudice as a

result of Mr. Rubinstein's actions with regard to the motion to withdraw plea.  Therefore,

Claim Three should be dismissed.

**Claim Four**

In Claim Four, Movant alleges ineffective assistance by attorney Boston Stanton,

alleging the following supporting facts:

> A.  Mr. Boston Stanton was ineffective by failing to assist and support the
> arguments raised by defendant's motion to withdraw this guilty plea, filed
> pro-se.  With the specific arguments of ineffective assistance of counsel
> and the illegal use of the K-9 unit that was used in the interior of
> defendant's vehicle.
>
> B.  Mr. Boston filed a motion to withdraw defendant's plea so defective
> that the district court had a hard time understanding it.
>
> C.  Counsel failed to request a downward departure at sentencing hearing
> to mitigate against collateral consequences of defendant's deportable

alien status.

(Docket No. 258 at 6).

A review of the record, however, establishes that Mr. Stanton did assert in the motion and during oral argument Movant's claim that Mr. Steinberg rendered ineffective assistance by ignoring Movant's continued concerns about the dog search and other matters.  Furthermore, while Mr. Stanton's motion may not have been a model motion, the record shows that the court understood and addressed the issues raised.  Finally, as asserted by the Government, Mr. Stanton made a reasonable strategic choice to pursue an available sentencing option in his argument, namely, safety valve relief, rather than an option unavailable, namely, the downward departure based on Movant's status as a deportable alien.  As the Tenth Circuit noted when ruling on Movant's appeal, Movant was subject to a statutory minimum of 120 months and had only "two means available to him to avoid that mandatory minimum ten-year sentence." Altamirano-Quintero, 511 F.3d at 1089.  More specifically, the court could depart below only (1) if Movant had provided substantial assistance to the Government and the Government moved for a downward departure on that basis or (2) if the Movant had qualified for the statutory safety valve relief (see 18 U.S.C. § 3553(f)).  Id.  After his guilty plea, Movant declined to be debriefed by the Government, and thus at sentencing the Government did not move for a downward departure under 18 U.S.C. § 3353(e) and U.S.S.G. § 5K1.1.  Altamirano-Quintero, 511 F.3d at 1091.  Mr. Stanton did argue for the one other available means of sentence reduction, namely, the safety valve relief. Therefore, Mr. Stanton was not ineffective by not arguing for a downward departure based on Movant's deportable alien status.

20

Based upon the above, this court finds that the Movant cannot establish that he suffered any prejudice as a result of Mr. Stanton's representation.  Therefore, Claim Four should be dismissed.

**Claim Five**

In Claim Five, Movant alleges ineffective assistance by attorney Paul Schwartz "by failing to raise the claim of ineffective assistance of counsel on direct appeal, when the defendant asked him with respect to Mr. Steinberg's failures on the motion to supprss [sic] evidence."  (Docket No. 258 at 10).  This court finds that Movant's allegation regarding Mr. Schwartz fails to establish deficient performance by appellate counsel.  "The fact that [Mr. Schwartz] may have decided not to make the exact arguments that [Movant] desired, standing alone, would not demonstrate that the attorney's decisions were so completely unreasonable as to constitute ineffective assistance."  United States v. Prow, 280 Fed. Appx. 740, 742 (10th Cir. June 2, 2008). In addition, as correctly noted by the Government, it is well settled that claims of ineffective assistance of counsel should generally be brought in a collateral proceeding rather than on direct appeal.  United States v. Gonzales, 229 Fed. Appx. 721, 726 (10th Cir. Apr. 16, 2007) ("In this circuit, except in rare circumstances, ineffective assistance of counsel claims must be presented in collateral proceedings."); United States v. Edgar, 348 F.3d 867, 869 (10th Cir. 2003) ("With rare exception, a defendant must raise ineffective assistance of counsel claims in a collateral proceeding, not on direct appeal. . . .  Indeed, we have followed this practice even when the issues on direct appeal are sufficiently developed for us to pass judgment, reasoning that we benefit from the views

of the district court regarding such claims."); <u>United States v. Galloway</u>, 56 F.3d 1239,

1240 (10th Cir. 1995) (en banc) ("Ineffective assistance of counsel claims should be

brought in collateral proceedings, not on direct appeal.  Such claims brought on direct

appeal are presumptively dismissable, and virtually all will be dismissed.").  Therefore,

Mr. Schwartz's representation did not fall below an objective standard of

reasonableness, and Claim Five should thus be dismissed.

**Motion to Supplement**

Movant filed a motion for leave to supplement his § 2255 motion on June 11,

2009 (Docket No. 283), in which he asserts:

> The government claimed that a consensual encounter was
> developed, were the evidence [sic] was gained to convict the defendant.
> Mr. Steinberg, defendant's attorney, knew that a full search of defendant's
> person was conducted without consent.  Based upon the information
> provided by the defendant and with the fact that in the discovery, in the
> police report, did not mention the search of defendant's person.  Mr.
> Steinberg was able to prove this fact during the hearing of the motion to
> suppress.  Therefore, Mr. Steinberg, in bad faith waived this violation
> under the Fourth Amendment, on the motion to suppress the evidence.
> Mr. Steinber [sic], was also aware of the fact that a K-9 search that started
> on the interior of defendant's vehicle without consent or probable cause
> before the officers search the vehicle themselves.  He also in bad faith
> failed to properly preserve and present this fact to the court.  Mr.
> Steinberg, was aware that neither of these two violations under the Fourth
> Amendment were "contained" in the discovery, in the police report.  Thus,
> Mr. Steinberg knew that by properly raising these two issues, the evidence
> would have been suppressed.  <u>The government did not had [sic] any
> aruments [sic] to refute these facts</u>.
>
> Because the government did not include the search of defendant's
> person and the K-9 search in the discovery, and were not properly
> preserved and presented to the court.  The government "waived" this
> issues.  Therefore any argument's raised by the government with regard
> to these searches must be dismiss [sic].

(Docket No. 283 at 1-2).

22

Even if this court could discern what supplement(s) Movant seeks to make, this court finds that the motion to supplement is untimely because it was not filed until after the expiration of the one-year statute of limitations applicable to § 2255 motions. Movant's conviction became final on April 28, 2008, when the U.S. Supreme Court denied his petition for writ of certiorari. (Docket No. 254). His motion for leave to supplement, however, was not filed until more than one year later on June 11, 2009. See United States v. Cavely, 2008 WL 822076 (N.D. Okla. Mar. 26, 2008). Therefore, the motion to supplement should be denied.

**Conclusion**

None of Movant's claims demonstrate he is entitled to habeas relief, and no evidentiary hearing is required because the record demonstrates he is not entitled to relief. See United States v. Marr, 856 F.2d 1471, 1472 (10th Cir. 1988) (holding that an evidentiary hearing is not required on a § 2255 motion when the court finds that the case record conclusively shows that the movant is not entitled to relief).

**WHEREFORE,** for the foregoing reasons, it is hereby

**RECOMMENDED** that the Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Docket Nos. 258 and 261) and the Motion Respectfully Requesting the Court for Leave to Supplement 28 U.S.C.A. § 2255 (Docket No. 283) be **denied**.

**NOTICE: Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have ten (10) days after service of this recommendation to serve and file written, specific objections to the above recommendation with the District Judge**

23

assigned to the case.  The District Judge need not consider frivolous, conclusive, or general objections.  A party's failure to file and serve such written, specific objections waives *de novo* review of the recommendation by the District Judge, <u>Thomas v. Arn</u>, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions.  <u>Makin v. Colorado Dep't of Corrections</u>, 183 F.3d 1205, 1210 (10th Cir. 1999); <u>Talley v. Hesse</u>, 91 F.3d 1411, 1412-13 (10th Cir. 1996).

Date:  September 4, 2009                        <u>s/ Michael J. Watanabe</u>
        Denver, Colorado                        Michael J. Watanabe
                                           United States Magistrate Judge