**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Criminal Action No. 04-cr-00188-REB
Civil Case No. 08-cv-01882-REB-MJW

UNITED STATES OF AMERICA,

v.

LUIS ALTAMIRANO-QUINTERO,

      Defendant.

---

**ORDER ADOPTING RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE**

---

**Blackburn, J.**

      The matters before me are (1) the defendant's **Motion To Vacate, Set Aside, or Correct Sentence Pursuant To 28 U.S.C. § 2255** [#258][1] filed September 2, 2008; (2) the **Memorandum of Law in Support of Defendant's § 2255 Motion To Vacate, Set Aside, or Correct Sentence** [#261] filed September 15, 2008; (3) **Petitioner's Motion Respectfully Requesting the Court for Leave To Supplement 28 U.S.C.A. § 2255 Motion** [#283] filed June 11, 2009; (4) the magistrate judge's **Recommendation on (1) Motion To Vacate, Set Aside, or Correct Sentence Pursuant To 28 U.S.C. § 2255 (Docket Nos. 258 and 261) and (2) Motion Respectfully Requesting the Court for Leave To Supplement 28 U.S.C.A. § 1155 (Docket No. 283)** [#287] filed September 4, 2009; and (5) **Movant's Motion To File Objections To Magistrate Judge Michael J.**

---

[1]   "[#258]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

**Watanabe's Recommendation on Motion Persuant** (sic) **To 28 U.S.C. § 2255** [#292] filed October 26, 2009.

The defendant's present motion is docketed under two docket numbers [#258 & #261].  Docket #261 actually is the defendant's brief in support of his motion.  In this order, I will address docket numbers [#258 & #261] concurrently because, in combination, they constitute the defendant's present request for relief.   In an order [#293] filed October 27, 2009, I granted the defendant's motion [#292] to file objections, and [#292] no longer is a pending motion.  The defendant's objections to the magistrate judge's recommendation are stated in his motion to file objections [#292].  For the purpose of this order, I will refer to the motion to file objections [#292] as the plaintiff's objections.

As required by 28 U.S.C. § 636(b), I have reviewed *de novo* all portions of the recommendation to which objections have been filed, and have considered carefully the recommendation, objections, and applicable case law.  Because defendant is proceeding *pro se*, I have construed his pleadings more liberally and held them to a less stringent standard than formal pleadings drafted by lawyers.  ***See Erickson v. Pardus***, 551 U.S. 89, 94 (2007); ***Andrews v. Heaton***, 483 F.3d 1070, 1076 (10th Cir. 2007); ***Hall v. Belmon***, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing ***Haines v. Kerner***, 404 U.S. 519, 520-21 (1972)).  The recommendation is detailed and well-reasoned.  Contrastingly, defendant's objections are without merit.  I overrule the objections, adopt the recommendation, deny the motion to supplement, and deny the motion to vacate, set aside, or correct sentence.

## I.  BACKGROUND

"Law enforcement officials found over 670 grams of a substance containing

2

methamphetamine in [the defendant's] car.  As a result, he and a companion, his co-defendant, were arrested for drug trafficking." ***U.S. v. Altamirano-Quintero***, 511 F.3d 1087, 1089 (10th Cir. 2007).  A federal grand jury returned an indictment [#1] filed May 3, 2004, against the defendant and his co-defendant.  On January 18, 2005, the defendant, through counsel, filed a motion [#76] to suppress evidence seized when his car was searched.  The car was searched, including a canine search, after police officers contacted the defendant and a companion at a motel room that had been rented by the defendant.  After conducting a suppression hearing, I entered findings of fact, conclusions of law, and an order [#115] denying the defendant's motion to suppress.  This motion, the hearing, and my order are the primary topic of the defendant's present motion and his objections to the magistrate judge's recommendation.  A change of plea hearing was conducted, at the defendant's request, on June 20, 2005.  At that hearing, the defendant entered a plea of guilty to one count of conspiring to possess, with the intent to distribute, 500 grams or more of methamphetamine.

On September 1, 2005, the defendant filed a motion to withdraw his guilty plea, acting *pro se*.  On March 10, 2006, the defendant filed a second motion to withdraw his plea, this time through his counsel.  On April 14, 2006, I held a hearing on this motion and denied the motion.  The defendant was sentenced on June 16, 2006.  The defendant filed an appeal.  On December 28, 2007, the United States Court of Appeals for the Tenth Circuit affirmed the defendant's statutory mandatory minimum ten-year sentence.  ***U.S. v. Altamirano-Quintero***, 511 F.3d 1087 (10th cir. 2007).

## II. RECOMMENDATION AND OBJECTIONS

In his recommendation, the magistrate judge outlines accurately the five claims asserted by the defendant in his present motion.  In Claim One, the defendant asserts a

Fourth Amendment violation, arguing that his conviction is based on evidence gathered via an unconstitutional search of his car and seizure of evidence found in his car.  The defendant addresses also the search of his person and of his motel room, which searches were conducted at or near the time of the search of his car.  The search of the defendant's car yielded incriminating evidence.  The search of the defendant's person and of his motel room did not yield incriminating evidence.

In his four other claims, the defendant asserts claims of ineffective assistance of counsel.  The defendant was represented by six different attorneys in the course of this prosecution.  The defendant argues that the representation of four of those attorneys was constitutionally ineffective because they did not pursue effectively the defendant's claim that his Fourth Amendment rights were violated when his car was searched.  As to one of his attorneys, the defendant claims that the attorney was ineffective because he failed to present a valid argument for a sentence reduction at the defendant's sentencing hearing.

In his first objection, the defendant addresses Claim One and repeats his contention that he never consented to a search of his person.  Because he did not consent to a search of his person, the defendant argues, "the subsequent searches were tainted" and any and all evidence resulting from the other searches must be excluded from evidence "regar(d)less of where evidence was found."  *Objections* [#292], p. 3.  The magistrate judge details three  reasons for his conclusion that the defendant, in Claim One, presents no basis for relief under § 2255.  First, the defendant did not raise the arguments he asserts in Claim One in his direct appeal, and a defendant generally is barred from raising an error affecting his conviction or sentence for the first time on collateral review unless he can show both cause for the default and actual

prejudice.  Second, I found previously that the defendant "understood that by entering his plea of guilty, he was waiving his right to appeal my order denying his motion to suppress."  *Order Denying Defendant's Motion To Withdraw Plea of Guilty* [#210] filed April 19, 2006, pp. 9-10.  Third, as detailed by the magistrate judge, I concluded previously that, to the extent the defendant raised and preserved the issue of the validity of his consent to the search of his car, the defendant's consent was given voluntarily, knowingly, intelligently, and intentionally.  *Recommendation* [#287], p. 11 (quoting transcript of the April 15, 2004, suppression hearing, p. 11).  Each of these reasons, standing independently, is a valid basis to deny the defendant's request for relief as stated in Claim One.  The defendant's objections do undermine the validity of the conclusions of the magistrate judge.

In his second objection, the defendant addresses his Claim Two.  In Claim Two, the defendant asserts a Sixth Amendment claim of ineffective assistance of counsel concerning Mr. Steinberg, the attorney who represented the defendant when the defendant filed his motion to suppress and during the hearing on that motion.  The defendant notes that the motion to suppress focused on the scope of the defendant's consent to the search of his vehicle rather than on the validity of that consent and the validity of the defendant's consent to the searches of the defendant's person and his motel room.  *Objections* [#292], p. 3.  The defendant states clearly that his defense counsel's failure to raise the validity of the defendant's consent to the searches in the motion to suppress is "the basis for the [defendant's] claim of ineffective assistance."  *Id.* In his recommendation, the magistrate judge details cogently the bases for the magistrate judge's conclusion that the defendant has not asserted an arguable Sixth Amendment claim in Claim Two.  Nothing in the defendant's objections serves to

undermine these bases in any way.

In his third objection, the defendant again addresses Claim Two.  The defendant notes that the magistrate judge relied, in part, on the fact that at the hearing on the defendant's motion to suppress, I addressed the defendant's consent to the search of his person, his motel room, and his car.  At the hearing, I noted my doubt that the defendant had raised the issue of the validity of his consent, but, to the extent the issue was raised, I found and concluded that the defendant validly consented to each of the three searches. *Recommendation*, p. 11 (quoting transcript of the April 15, 2004, suppression hearing, p. 11).  The defendant argues in his third objection that this "ruling was made without considering the fact that the initial search became illegal due to [defense counsel's] omissions." *Objections* [#292], p. 4.

This objection appears to refer to the defendant's claim that he did not consent to a search of his person and, therefore, the later search of his car was not valid.  As detailed by the magistrate judge, I repeatedly have stated my conclusion that the defendant consented to a search of his car.  The collateral issues the defendant has raised continually throughout this case do not serve to undermine the bases for that conclusion or the legality of the subsequent search of the defendant's car.  Nothing in the plaintiff's third objection presents a valid challenge to the conclusions of the magistrate judge.

In his fourth objection, the defendant addresses again his Fourth Amendment claim and his ineffective assistance of counsel claim, as stated in Claims One and Two, but with different words.  The defendant notes again that the magistrate judge concluded that the search of the defendant's car was lawful because I concluded at the suppression hearing that the defendant consented validly to a search of his car.  In his

fourth objection, the defendant argues that the court "would <u>not</u> have ruled that consent was given without the errors committed by Mr. Steinberg and, therefore, consent was not given." *Objection* [#292], p. 4 (emphasis in original).  The search of the defendant's car included a canine search.  In his fourth objection, the defendant argues that "the interior canine search requires a separate consent from that required for the person or vehicle in general," and such consent was not given in this case.  *Id.*  Further, the defendant reiterates his contention that police officers did not request consent to search the defendant's person and, despite the lack of consent to a search of his person, a search of the defendant's person and a canine search of the interior of his car were conducted without consent.  *Id.*, p. 5.   The defendant's fourth objection is, in large part, simply a restatement of his previous objections.  New in the fourth objection is the contention that a special  consent, different from a consent to a search of a person or a car, must be obtained before police may conduct a canine search.  There is no valid authority for this proposition.  Nothing in the plaintiff's third objection presents a valid challenge to the conclusions of the magistrate judge.

On page five of the defendant's objections [#292], the defendant captions his next objection as "Objection #3."  *Objections* [#292], p. 5.  This objection follows the defendant's fourth objection and, therefore, I assume the defendant intended to number the objection that begins on page five as his fifth objection.  I will refer to the objection that begins on page five of the defendant's objections as the defendant's fifth objection.  In his fifth objection, the defendant again revisits his contention that his counsel was ineffective because counsel did not raise in the motion to suppress the issue of the validity of the defendant's consent to the search of the defendant's car.  In his fifth objection, the defendant does not raise any issues not addressed in his previous four

objections and, therefore, does not present any valid challenge to the conclusions of the magistrate judge.

In his sixth objection, the defendant again revisits his contention that his counsel was ineffective because counsel did not raise in the motion to suppress the issue of the validity of the defendant's consent to the search of the search of the defendant's person and the search of the defendant's car.  In his sixth objection, the defendant does not raise any issues not addressed in his previous five objections and does not present any valid challenge to the conclusions of the magistrate judge.

The defendant captions the objection that begins on page nine of his objections as "Objection #6." *Objections* [#292], p. 9.  This objection follows the defendant's previous objection, which also is captioned as "Objection #6." *Objections* [#292], p. 7.  I assume the defendant intended to number the objection that begins on page nine as his seventh objection rather than his sixth objection, and I will refer to the objection that begins on page nine of the defendant's objections as the defendant's seventh objection.

In his seventh objection, the defendant addresses his Sixth Amendment claims of ineffective assistance of counsel based on the representation provided to the defendant by three attorneys who represented the defendant after the defendant's motion to suppress was resolved.  These claims are categorized in the defendant's present motion as Claims Three, Four, and Five.  The three attorneys addressed in these claims are Mr. Rubinstein, Mr. Stanton, and Mr. Schwartz.  These attorneys represented the defendant at different times after the withdrawal of Mr. Steinberg.  Mr. Steinberg is the attorney who filed the motion to suppress and who represented the defendant at the hearing on that motion.   The defendant argues in his seventh objection that these attorneys were ineffective because they failed to pursue effectively the search and

seizure issues that are at the heart of the defendant's present motion.

In his recommendation, the magistrate judge states cogently the reasons for his conclusion that the defendant has not demonstrated an arguable basis for a Sixth Amendment claim of ineffective assistance of counsel in Claims Three, Four, and Five. Importantly, deficient performance by the attorney is one of the key elements of a Sixth Amendment ineffective assistance of counsel claim. *See, e.g., Strickland v. Washington*, 466 U.S. 668, 687 (1984). In this case, the defendant's claims of unlawful search and seizure are not valid. The failure of these attorneys to pursue these invalid claims in a manner that permitted the defendant to obtain relief does not constitute deficient performance by these attorneys. Further, for the reasons detailed by the magistrate judge, Mr. Stanton's arguments at sentencing in no way constitute ineffective assistance of counsel. In his seventh objection, the defendant does not present any valid challenge to the conclusions of the magistrate judge.

Finally, the magistrate judge recommends that the defendant's motion to supplement [#283] be denied. The defendant does not address this recommendation in his objections [#292]. I agree with the reasoning of the magistrate judge on this issue.

### III.  CERTIFICATE OF APPEALABILITY

Under Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts, a "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Under 28 U.S.C. § 2253(c)(2), I may issue a certificate of appealability if the "applicant has made a substantial showing of the denial of the constitutional right." Such a showing is made only when a prisoner demonstrates "'that jurists of reason would find it debatable' that a constitutional violation occurred, and that the district court erred in its resolution." *U.S. v. Pinson*, 584

F.3d 972, 975 (10th Cir. 2009) (quoting **Slack v. McDaniel**, 529 U.S. 473, 484 (2000)).

In the present case, I conclude that the defendant has not made a substantial showing

of the denial of a constitutional right.  Therefore, I deny a certificate of appealability.

### IV.  CONCLUSION

In short, the recommendation [#99] of the magistrate judge is detailed and well-

reasoned.  The defendant's objections [#292] are imponderous and without merit.

Therefore, I find and conclude that the arguments advanced, authorities cited, and

findings of fact, conclusions of law, and recommendations proposed by the magistrate

judge should be approved and adopted.  I overrule the defendant's objections [#292],

adopt the recommendation [#99], deny the motion to supplement [#283], and deny the

defendant's motion to vacate, set aside, or correct sentence [#258 & #261].

**THEREFORE, IT IS ORDERED** as follows:

1.  That defendant's objections to the recommendation, as stated in **Movant's**

**Motion To File Objections To Magistrate Judge Michael J. Watanabe's**

**Recommendation on Motion Persuant** (sic) **To 28 U.S.C. § 2255** [#292] filed October

26, 2009, are **OVERRULED**;

2.  That the magistrate judge's **Recommendation on (1) Motion To Vacate, Set**

**Aside, or Correct Sentence Pursuant To 28 U.S.C. § 2255 (Docket Nos. 258 and**

**261) and (2) Motion Respectfully Requesting the Court for Leave To Supplement**

**28 U.S.C.A. § 1155 (Docket No. 283)** [#287] filed September 4, 2009, is **APPROVED**

and **ADOPTED** as an order of this court;

3.  That the **Petitioner's Motion Respectfully Requesting the Court for Leave**

**To Supplement 28 U.S.C.A. § 2255 Motion** [#283] filed June 11, 2009, is **DENIED**;

4.  That the defendant's **Motion To Vacate, Set Aside, or Correct Sentence Pursuant To 28 U.S.C. § 2255** [#258 & #261] filed September 2 and 15, 2008, is **DENIED**;

5.  That under 28 U.S.C. § 2253(c)(2) and Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts, a certificate of appealability is **DENIED**;

6.  That defendant's claims asserted in the defendant's **Motion To Vacate, Set Aside, or Correct Sentence Pursuant To 28 U.S.C. § 2255** [#258 & #261] filed September 2 and 15, 2008, are **DISMISSED WITH PREJUDICE**;

7.  That judgment **SHALL ENTER** in favor of the United States of America, and against the defendant, Luis Altamirano-quintero, as to all claims and causes of action asserted in his **Motion To Vacate, Set Aside, or Correct Sentence Pursuant To 28 U.S.C. § 2255** [#258 & #261] filed September 2 and 15, 2008.

Dated December 18, 2009, at Denver, Colorado.

                                    **BY THE COURT:**


                                    Robert E. Blackburn
                                    United States District Judge