FILED
United States Court of Appeals
Tenth Circuit

April 19, 2011

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

| | |
|---|---|
| In re:<br><br>LUIS ALTAMIRANO−QUINTERO,<br><br>Movant. | No. 11-1138<br>(D.C. Nos.1:08-CV-01882-REB &<br>1:04-CR-00188-REB-MJW)<br>(D. Colo.) |

---

**ORDER**

---

Before **LUCERO**, **EBEL**, and **TYMKOVICH**, Circuit Judges.

---

Luis Altamirano-Quintero unsuccessfully sought relief from his federal drug conviction by bringing a 28 U.S.C. § 2255 motion alleging his counsel was ineffective. *See United States v. Altamirano-Quintero*, 379 F. App'x 764, 766 (10th Cir.) (denying a certificate of appealability), *cert. denied*, 131 S. Ct. 331 (2010). He now seeks authorization to bring a second or successive § 2255 motion on the ground that the district court erred in assessing counsel's effectiveness in his first § 2255 motion. He asserts that the court's "supporting arguments . . . were in violation of the Federal Rules of Criminal [P]rocedure [R]ule 12(f)," Mot. at 5, because the court at the suppression hearing concluded that the attorney waived the issue of consent for certain searches by not including the issue in the written suppression motion. But then later, in the § 2255

proceeding, the court contradictorily held that the attorney's failure to include the issue in the written motion was not ineffective assistance because the attorney raised the issue at the hearing.

To obtain authorization to file a second or successive § 2255 motion, a federal prisoner must demonstrate that his proposed claims either depend on "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found [him] guilty of the offense," § 2255(h)(1), or rely upon "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," § 2255(h)(2). Mr. Altamirano-Quintero concedes that his claim of error involves neither new evidence nor new law. *See* Mot. at 6. Therefore, he has not met the plain requirements of § 2255(h).

The motion for authorization is DENIED. This denial of authorization is not appealable and "shall not be the subject of a petition for rehearing or for a writ of certiorari." 28 U.S.C. § 2244(b)(3)(E).

                                                  Entered for the Court,

                                                  ELISABETH A. SHUMAKER, Clerk